IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO: 1: 13CR379 |
| v. : | |
| EUGENE THOMAS CHUNG : | |
|    a/k/a Yoo Jin Chung : | |
| ATHITH A. VORASITH : | |
|    a/k/a Andy Vorsaith : | |
| JONG SUNG KIM : | |
|    a/k/a John Kim : | |
| YE EL CHOI : | |
|    a/k/a David Choi : | |
| THOMAS JUNGWON LEE : | |
|    a/k/a Tommy Lee : | |
|                        / : | |

## MOTION TO SEVER DEFENDANTS

Comes Now the Defendant, Ye El Choi ("David Choi"), by and through undersigned counsel and pursuant to Rule 14 of the Federal Rules of Criminal Procedure, and moves this Court to sever his trial from the trial of his co-defendants Eugene Thomas Chung (hereinafter "Yoo Jin Chung"), Athith A. Vorasith (hereinafter Andy Vorsaith), Jong Sung Kim (hereinafter "John Kim"), and Thomas Jungwon Lee (hereinafter "Tommy Lee") in the above styled case. As grounds in support thereof, the Defendant states the following:

1.

The Indictment in the present case sets forth thirteen counts against the co-

1

defendants. David Choi is only charged in Count One which alleges a violation of 18 U.S.C. § 1951(a), Count Two which alleges a violation of 21 U.S.C. § 846, Count Seven which alleges a violation of 21 U.S.C. § 841(a)(1), Count Eight which alleges a violation of 21 U.S.C. § 841(a)(1), and Count Ten which alleges a violation of 18 U.S.C. § 1951(a). The United States does not allege that David Choi committed the crimes set forth in the remaining eight counts of the Indictment.

2.

Co-Defendant Yoo Jin Chung is charged in Counts One through Thirteen of the Indictment. Co-Defendant Andy Vorsaith is charged with Counts One, Three, Four, and Ten of the Indictment. Co-Defendant John Kim is charged with Counts One, Three, Five, and Six of the Indictment. Co-Defendant Tommy Lee is charged in Counts One, Two, Nine, and Ten of the Indictment.

3.

The charges against Yoo Jin Chung refer to distinct acts other than those alleged against David Choi. Specifically, Yoo Jin Chung is charged with the following: extortion by wrongful use of force, violence, and fear in violation of 18 U.S.C. § 1951(a) on December 2, 2009 [Count Three], brandishing, carrying, and using a firearm during and in relation to a crime of gun violence in violation of 18 U.S.C. § 924(c) on December 2, 2009 [Count Four], extortion by wrongful use of

force, violence, or fear in violation of 18 U.S.C. 1951(a) on January 13, 2010[Count Five], extortion by wrongful use of force, violence, or fear in violation of 18 U.S.C. 1951(a) on January 21, 2010 [Count Six], possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) on June 17, 2010 [Count Nine], extortion by wrongful use of force, violence, or fear in violation of 18 U.S.C. §1951(a) on September 6, 2010 [Count Eleven], possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) on November 16, 2010 [Count Twelve], and possession of marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) on July 15, 2011 [Count Thirteen]. The United States does not allege that David Choi participated in any of these alleged acts.

4.

The charges against David Choi refer to distinct acts other than those alleged against Andy Vorasith. Specifically, Andy Vorasith is charged with the following: extortion by wrongful use of force, violence, or fear in violation of 18 U.S.C. § 1951(a) on December 2, 2009 [Count Three], brandishing, carrying, and using a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) on December 2, 2009 [Count Four], and extortion by wrongful use of force, violence, or fear in violation of 18 U.S.C. § 1951(a) on July 21, 2010 [Count Ten]. The United States does not allege that David Choi participated in any of these alleged acts.

5.

The charges against David Choi refer to distinct acts other than those alleged against John Kim. Specifically, John Kim is charged with the following: extortion by wrongful use of force, violence, or fear in violation of 18 U.S.C. § 1951(a) on December 2, 2009, extortion by wrongful use of force, violence, or fear in violation of 18 U.S.C. § 1951(a) on January 13, 2010 [Count Five], and extortion by wrongful use of force, violence, or fear in violation of 18 U.S.C. § 1951(a) on January 21, 2010 [Count Six]. The United States does not allege that David Choi participated in any of these alleged acts.

6.

The charges against David Choi refer to distinct acts other than those alleged against Tommy Lee. Specifically, Tommy Lee is charged with the following: possession of marijuana with the intent to distribute in violation 21 U.S.C. § 841(a)(1) on June 17, 2010 [Count Nine]. The United States does not allege that David Choi participated in any of these alleged acts.

7.

The allegations of the Indictment make it impossible for David Choi to receive a fair trial. Joinder of the defendants in this case is prejudicial to David Choi and will continue to be prejudicial to him during trial. These counts are specifically prejudicial to David Choi give the risk of "prejudicial overspill" from

the statements and admissions made by the other Defendants which relate to counts with which David was not charged. As such, severance of the joined defendants is necessary to avoid unfair prejudice.

8.

The statements and admissions made by the other defendants also raise Sixth Amendment concerns in the event that one of the defendants would like to testify while the other defendant wishes to invoke his Fifth Amendment right. During trial, statements that will be attributed to co-defendants may reference David Choi. David Choi's right to call his co-defendants as a witness to contradict those statements or cross-examine them will be indirect conflict with their privilege against self-incrimination. Therefore, Mr. David Choi's trial should be severed from that of his co-defendants.

9.

Each of the defendants's alleged actions and omissions differ from those of the other defendant as to each count of the Indictment. Unfair prejudice will result because joinder of defendants will confuse the jury and make it unreasonably difficult for the jury to attribute individual actions and charges as to one defendant or the other. The end result would be that David Choi will not receive a fair trial.

10.

Additionally, David Choi will be unduly prejudiced by evidence concerning

those counts of the Indictment where he is not charged. The nature of the charges and evidence in this case is such that if David Choi is tried with his co-defendants, there is a serious risk that the jury will be unable to make a reliable determination of his innocence or guilt and that he will not receive a fair trial. This risk is especially heightened by the charges involving extortion as against Yoo Jin Chung, Andy Vorasith, and John Kim, since David Choi is not alleged to have participated in the underlying violent acts which form the basis of these charges. Therefore, the risk of "prejudicial overspill" mandates the severance of his trial from that of his co-defendants.

## MEMORANDUM OF LAW

### A. The Indictment is Insufficient to Show Proper Joinder Under Fed.R.Crim.P.8(b).

Regardless of whether initial joinder was proper under Federal Rule of Criminal Procedure 8(b), David Choi's case should be severed from that of his co-defendants under Federal Rule of Criminal Procedure 14, or unfair prejudice will result.

"The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own conduct in relation to the allegations

contained in the indictment and render a fair and impartial verdict." See United States vs. Hersh, 297 F.3d 1233, 1243 (11th Cir. 2002), citing United States v. Walser, 3 F.3d 380,386-87 (11th Cir. 1993). Compelling prejudice occurs when the jury is unable "to separately appraise the evidence as to each defendant and render a fair and impartial verdict." If David Choi is tried jointly with his co-defendants it will be unreasonably difficult for the jury to attribute to each defendant only those actions performed by each separate individual.

**B. The Unfair Prejudice Resulting from a Joint Trial Will Prevent the Jury from Making A Reliable Determination of Innocence or Guilt**

In United States v. Blankenship, 382 F.3d 1110, 1122 (11th Cir. 2005), the Eleventh Circuit determined that severance of co-defendants under Rule 14 is appropriate only after a defendant meets the two-part test set forth by the United States Supreme Court in Zafiro v. United States, 506 U.S. 534, 113 S. Ct. 933 (1993). First, the defendant must show that he will be unfairly prejudiced. Blankenship, 382 F.3d at 1122. If prejudice is shown, the defendant must then show that a joint trial would "compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Blankenship, at 1123 (citing Zafiro v. United States, 506 U.S. 534, 113 S. Ct. 933 (1999)). Each of the defendant's actions and omissions differ from those of the other defendant as to each of the counts charged. Unfair prejudice

will result because joinder of defendants will confuse the jury and make it unreasonably difficult for the jury to attribute individual actions and charges as to one defendant or the other.

The Supreme Court of the United States has held that severance should be granted "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). As such, severance of David Choi's trial from that of his co-defendants is necessary to avoid unfair prejudice in the event that either of the defendants would like to testify while the other defendant wishes to invoke his Fifth Amendment right. Testimony of one co-defendant will be highly prejudicial in the minds of the jurors as to the guilt or innocence of the other co-defendant.

For all of the foregoing reasons, it is respectfully requested that David Choi's Motion to Sever his trial from that of his co-defendants be granted.

Respectfully submitted this the 2nd day of October, 2013.

*/s/ Ravi R*
Ravi Rayasam
Attorney for David Choi

Ghanayem and Rayasam, LLC
1936B North Druid Hills Road
Atlanta, GA 30319

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : CASE NO: 1: 13CR379 |
| v. | : |
| EUGENE THOMAS CHUNG | : |
|    a/k/a Yoo Jin Chung | : |
| ATHITH A. VORASITH | : |
|    a/k/a Andy Vorsaith | : |
| JONG SUNG KIM | : |
|    a/k/a John Kim | : |
| YE EL CHOI | : |
|    a/k/a David Choi | : |
| THOMAS JUNGWON LEE | : |
|    a/k/a Tommy Lee | : |
| | : |
| _____/ | |

### CERTIFICATE OF SERVICE

I hereby certify that on this date the following parties and all other parties of record in this case were served with the foregoing pleading via CM/ECF:

John S. Ghose  
U.S. Attorney's Office  
600 U.S. Courthouse  
75 Spring St., S.W.  
Atlanta, GA 30303

Ryan Scott Ferber  
U.S. Attorney's Office  
600 U.S. Courthouse  
75 Spring St., S.W.  
Atlanta, GA 30303

This the 2nd day of October 2013.

/s/ Ravi Rayasam  
Ravi Rayasam  
Attorney for David Choi